IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cecil Fitzgerald Jamison,<br><br>                    Plaintiff,<br><br>vs.<br><br>Dr. Willie Bamberg;<br>Asst. Dir. Dozier;<br>Chief James;<br>Lt. Burton;<br>Capt. Govan;<br>Capt. Ryant;<br>Lt. Jarrette;<br>Sgt. Fisk;<br>Ms. Sebasco;<br>D/O Ms. J. Williams;<br>D/O Ms. Lee;<br>Sgt. Woods;<br>Lt. Murdock;<br>Capt. McKutchen;<br>D/O N. Johnson;<br>Nurse Webber;<br>Nurse Kroger;<br>John D. Appleton, President ABL Management;<br>Vincent Rose, Director of Operations;<br>John Doe, CEO ABL Management;<br>Ms. Kinard, ABL Kitchen Manager;<br>Ms. Jackson;<br>Ms. Davis, and<br>Ms. Jane Doe, Kitchen Supervisor ABL;<br>Ms. L. Brown,<br>Corp. Rawls, and<br>D/O Livingston, all in their individual and official capacities,<br><br>                    Defendants. | C/A No. 0:11-2245-RBH-PJG<br><br><br><br><br><br><br><br><br><br>**REPORT AND<br>RECOMMENDATION** |

The plaintiff, Cecil Fitzgerald Jamison, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, who files this action *in forma pauperis* under 28 U.S.C. § 1915, is a former county detention center inmate. At the time he filed this case, Plaintiff was incarcerated at the Orangeburg County Detention Center ("OCDC"). He is currently at the Campbell Pre-release Center in Columbia, South Carolina. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed as to Defendants Lt. Burton, Sgt. Fisk, DO Lt. Murdock, Ms. Jackson, Ms. L. Brown, and DO Ms. Lee.

## BACKGROUND

In the lengthy Complaint submitted in this case, Plaintiff names twenty-seven defendants and contends that many of them are liable to him for damages arising from a failure to provide Plaintiff with proper Kosher meals while he was housed at OCDC. The persons who are allegedly responsible for the improper meals are either officials or employees of OCDC or of ABL Management, Inc., a Baton Rouge, Louisiana corporation that was apparently in charge of the food preparation/service at OCDC during 2011 when Plaintiff was detained there.

Plaintiff also complains that numerous defendants were involved in an alleged failure to treat a fractured finger and wrist injury that Plaintiff received during his stay at OCDC. Additionally, Plaintiff alleges that some defendants were involved in a situation in which Plaintiff claims to have been wrongfully charged and convicted of a disciplinary violation and subsequently sentenced to lock-down without the opportunity to appeal or otherwise contest the conviction. He also alleges that when he was released from lock-down, some of the same defendants retaliated against him by placing him in a cell with a fellow detainee who was HIV-positive. Plaintiff also complains that his mail service was



interfered with or obstructed, and that several officials and employees at OCDC failed to correct his criminal record upon his request and did not assist him in traveling from OCDC to a Richland County trial he allegedly needed to attend. Finally, Plaintiff alleges that at least one OCDC employee verbally harassed him about all the grievances he filed and indicated that the grievances were not being taken seriously by OCDC officials. Plaintiff seeks injunctive relief and damages.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 556 U.S. 662 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C.

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



§ 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see

Page 4 of 11

PJG

also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[2] Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

---

[2]Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 129 S. Ct. at 1949-51. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

*PJG*

face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

## DISCUSSION

Initially, the Complaint is subject to summary dismissal as to Defendants Lt. Burton, Sgt. Fisk, DO Lt. Murdock, Ms. Jackson, and Ms. L. Brown because, after a careful review of the Complaint and all attachments thereto, there are absolutely no allegations contained in the Complaint against any of these defendants. None of these defendants is referenced anywhere in the thirty-plus pages of the Complaint. Although their names are included in Plaintiff's summarizing listing of issues, no specific claim of wrongdoing is made against any of them in either the body of the listing document or anywhere in the body of the Complaint. As a result, the court cannot determine what, if anything, Plaintiff claims these five persons did during his incarceration at OCDC to make them liable to him for damages or other relief.

Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), the court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Since there are no allegations of any specific wrongdoing on the part of Defendants Lt. Burton, Sgt. Fisk, DO Lt. Murdock, Ms. Jackson, and Ms. L. Brown, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to each of these Defendants. See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of



Soc. Servs., 901 F.2d 387, 389 n.2 (4th Cir. 1990) (dismissal proper where there were no allegations to support claim); Dove v. Fordham Univ., 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999). In absence of substantive allegations of wrongdoing against the named defendants, there is nothing from which this court can liberally construe any type of viable cause of action arising from the Complaint against them. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for prisoners or *pro se* litigants. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Since the court cannot read Mr. Jamison's mind insofar as he claims liability of Lt. Burton, Sgt. Fisk, DO Lt. Murdock, Ms. Jackson, and Ms. L. Brown as defendants in this case, they should be dismissed as parties to this case.

Additionally, D/O Ms. Lee should be dismissed from this case. The allegations against Ms. Lee are: (1) that she was one of the employees at OCDC who were, as Plaintiff states, allegedly "negligent" in their failure to assist Plaintiff in correcting his criminal record and/or helping him attend a court hearing in Richland County during his stay at OCDC, and (2) that she verbally questioned Plaintiff about his reasons for filing so many grievances and allegedly told him that the grievances were not being taken seriously. None of this activity or inactivity by Ms. Lee rises to the level of a violation of the federal constitution, of a federal statute, or of a federal treaty provision. As a result, this court is without subject-matter jurisdiction to consider Plaintiff's assertions that Ms. Lee failed in some supposed duty she had to help him correct his criminal record while he was housed at OCDC.

Page 7 of 11

PJG

Plaintiff's allegations of negligence (breach of a duty with injury) against Ms. Lee fail to state a claim which this court may consider under its federal question jurisdiction, see 28 U.S.C. § 1331, or its diversity jurisdiction. See 28 U.S.C. § 1332. The claims of negligence that Plaintiff attempts to state against Ms. Lee and some other OCDC employees are not federal causes of action. Instead, claims of negligence such as those made in this case are matter of state law, which should be heard in state court unless diversity jurisdiction is available in this court. See, e.g., Bloom v. Ravoira, 529 S.E.2d 710 (S.C. 2000) (negligence); Howard v. S. C. Dep't of Highways, 538 S.E.2d 291 (S.C. Ct. App. 2000) (property loss and damage by negligence is recoverable). Federal actions for damages against state actors pursuant to 28 U.S.C. § 1983, which requires a federal constitutional, statutory, or treaty violation, do not impose liability for violations of duties of care arising under state law. See DeShaney v. Winnebage Cnty. Dep't of Soc. Servs., 489 U.S. 189, 200-203 (1989). Although this court could consider a negligence action with $75,000.00 in controversy between citizens of different under its diversity jurisdiction, see Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-91 (D. S.C. 1992), there can be no diversity jurisdiction exercised in this case because Plaintiff and most of the defendants named in this case appear to be citizens of South Carolina. Since diversity jurisdiction requires complete diversity of parties (no party on one side of the case may be a citizen of the same state as any party on the other side of the case), C.L. Ritter Lumber Co. v. Consolidation Coal Co., 283 F. 3d 226, 229 (4th Cir. 2002), this court cannot consider the allegations of negligence against Defendant Lee.

Furthermore, the only other allegations of wrongdoing made against Ms. Lee—that she verbally questioned Plaintiff about his grievances and indicated that the grievances



were not taken seriously—do not rise to the level of a federal constitutional, statutory, or treaty violation, and so they fail to provide any basis on which Ms. Lee should stay in this case as a defendant. Even if it is true that Ms. Lee taunted and/or excessively questioned Plaintiff about his filing of grievances, no viable § 1983 claim is stated against her based on that behavior. It is settled that "the use of vile and abusive language is never a basis for a civil rights action." Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims); see Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005) (same; affirming *sua sponte* dismissal of claim based on threats). Verbal abuse of a prisoner is not actionable under § 1983. See McBride v. Deer, 240 F. 3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); Boston v. Stanton, 450 F. Supp. 1049 (W.D. Mo.1978) (same).

Finally, even if Ms. Lee correctly stated in her alleged taunts to Plaintiff that the OCDC grievance system does not work properly, no § 1983 action can be based on that fact or those statements. The current state of the applicable law is that prison inmates, including local detention center detainees, have no federal constitutional right to have *any* inmate grievance system in operation at the place where they are incarcerated. See, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F. 2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F. 2d 639, 640 (9th Cir. 1988); Brown v. Dodson, 863 F. Supp. 284, 285 (W.D. Va. 1994). Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any



substantive constitutional right on the prison inmates or pre-trial detainees. See Mann, 855 F. 2d 639. As a result, even if corrections officials fail to properly apply an inmate grievance procedure, as Plaintiff contends that Ms. Lee said is the case in Orangeburg County, such failure is not actionable under § 1983. None of Plaintiff's allegations states any viable federal cause of action for damages against Ms. Lee. She should be dismissed as a party to this case.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice as to Defendants Lt. Burton, Sgt. Fisk, DO Lt. Murdock, Ms. Jackson, Ms. L. Brown, and DO Ms. Lee. The Complaint should be served on the remaining defendants.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 23, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).